IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEITH ARGENBRIGHT, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil No. 3: 04-CV-1061-H |
| | * |
| ZIX CORPORATION, et al., | * |
| | * |
| Defendants. | * |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion for Summary Judgment, filed April 15, 2005; Plaintiff's Response, filed May 5, 2005; and Defendants' Reply, filed May 20, 2005. Also before the Court are Plaintiff's Motion for Partial Summary Judgment, filed April 15, 2005; Defendants' Response, filed May 5, 2005; and Plaintiff's Reply, filed May 20, 2005.[1] For the following reasons, Plaintiff's Motion for Partial Summary Judgment is **DENIED** and Defendants' Motion for Summary Judgment is **GRANTED**.

Plaintiff's Complaint claims violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., and asserts state law claims of conspiracy, fraud, and negligent misrepresentation, in the denial of Plaintiff's claim for severance benefits. The Court has federal question jurisdiction over Plaintiff's ERISA claims and supplemental jurisdiction over

---

[1] The Court DENIES as MOOT Defendants' Objections to Plaintiff's Summary Judgment Evidence, filed May 5, 2005, and May 20, 2005.

1

Plaintiff's state law claims.

**I.  Standard**

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. FED. R. CIV. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Innovative Database Sys. v. Morales*, 990 F.2d 217 (5th Cir. 1993). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Prop., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25).

The moving party may meet its initial burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the movant fails to meet its initial burden, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant meets its burden, the nonmovant must go beyond the pleadings and designate specific facts showing that a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998). A party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings unsupported by specific facts presented in affidavits opposing the motion for summary judgment. *See* FED.R.CIV.P. 56(e); *Lujan*, 497 U.S. at 888; *Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995).

In determining whether genuine issues of material fact exist, "[f]actual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625; *see also Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451 (1992). However, in the absence of any proof, the Court will not assume or sift through the record to find that the nonmoving party could or would prove the necessary facts. *See Lynch*, 140 F.3d at 625; *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

**II.     Analysis**

   **A.     State Law Claims**

As to Plaintiff's state law claims, Plaintiff does not address Defendants' argument that ERISA preempts Plaintiff's state law causes of action.[2]

When a plaintiff's state law claims of fraud, conspiracy, and negligent misrepresentation are related to an employee benefit plan because they have a "connection with or reference to such a plan," they are preempted by § 1144(a) of ERISA. *See Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989); *Shaw v. Delta Air Lines*, 463 U.S. 85, 96-97 (1983).

Plaintiff alleges (1) that the individual defendants conspired to deny Plaintiff benefits under the ERISA Plan ("the Plan"); (2) made misrepresentations regarding Plaintiff's compensation and hiring; and (3) committed a fraud upon Plaintiff to induce him to accept an employment offer which did not exist and thereby deny Plaintiff severance benefits due under the Plan. (Compl. at 3-5.)

Plaintiff's state law claims are dependent upon his rights under the Plan and affect the

---

[2] Plaintiff "asks the Court to take judicial notice of its entire file and incorporates the same" in its Motion as well as "all evidence attached to any other motion filed by any party." (Pl.'s Mot. at 2.) Although Plaintiff may incorporate such evidence and other record materials, the Court will not sift through the record to determine which evidence or record materials are pertinent to the instant Motion. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

3

relationship between Plaintiff and ERISA parties. *See, e.g., Hobson v. Robinson*, 75 Fed. Appx. 949, 953 (5th Cir. 2003) (unpublished opinion); *Eckelcamp v. Beste*, 315 F.3d 863, 870 (8th Cir. 2002). Accordingly, Plaintiff's state law claims are related to an ERISA plan. *See System 99 Minority Shareholders v. Robison*, 953 F.2d 1388 (9th Cir. 1992) (claims against individual defendants are preempted by ERISA); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999) (claims against individual defendants are preempted by ERISA). Because Plaintiff "could have brought [his] claim under ERISA, the cause[s] of action [are] completely preempted." *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558-59 (5th Cir. 2004) (holding that ERISA preempts fraud and conspiracy claims related to a denial of benefits whether or not plaintiff's ERISA claim is meritorious); *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 238 (5th Cir. 1995) (holding that ERISA preempts fraud and conspiracy claims); *Smith v. Tex. Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996) (state law fraud claim preempted where the cause of action is dependent upon the rights of the plaintiff under an ERISA plan); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 946 (5th Cir. 1995) ("ERISA preempts state law claims of fraud, breach of contract or negligent misrepresentation that have the effect of orally modifying the express terms of an ERISA plan . . . ."); *see also Lee v. E.I. DuPont de Nemours and Co.*, 894 F.2d 755, 757-58 (5th Cir. 1990).[3]

Accordingly, Defendant's Motion is **GRANTED** as to Plaintiff's state law claims.

**B.     ERISA Claims**

As to Plaintiff's ERISA claims, the "after-acquired" evidence doctrine makes Plaintiff

---

[3] Indeed, the Court, in its Memorandum Opinion and Order, entered August 3, 2004, ruled that Plaintiff's state law claims of fraud, conspiracy, and negligent misrepresentation were preempted by ERISA. (Order at 7.) These claims were re-articulated in substantially the same form in Plaintiff's Third Amended Complaint, filed September 23, 2004.

4

ineligible to receive benefits under the Plan. *See Moos v. Square D Co.*, 72 F.3d 39, 42-43 (6th Cir. 1995).[4] The summary judgment evidence shows that Plaintiff violated the Zix business policy during the middle of December 2003 and was subject to immediate termination. (Def.'s App. at 14-19, 242-43, 275-76, 305.) Defendant was therefore eligible for termination prior to January 31, 2004; a termination prior to January 31, 2004 (the date of organizational restructuring), would have made Plaintiff ineligible to receive separation benefits. (*Id*. at 161, 242-43.) Defendant provides summary judgment evidence that it would have terminated Plaintiff's employment prior to Plaintiff's eligibility for separation benefits. (*Id*. at 242, 275-76, 305.) This is not disputed by any summary judgment evidence.[5]

Accordingly, Defendant has established that Plaintiff's wrongdoing makes Plaintiff ineligible to receive benefits under the Plan. *Cf. McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 361-62 (1995) (refusing to provide front pay or reinstatement as a remedy in Age Discrimination in Employment Act ("ADEA") case where after-acquired evidence provides a valid reason for terminating employment). *McKennon,* 513 U.S. at 361-62*,* does not preclude recovery in discrimination cases. This is because "[t]he employer could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason." *Patrick v. Ridge*, 394 F.3d 311, 319 (5th Cir. 2004), *citing McKennon*, 513 U.S. at 360. This reasoning is inapplicable outside a discrimination context where there is no wrong to be remedied other than the denial of benefits. In the ERISA context, the issue is whether Plaintiff is

---

[4] Defendant raises this argument in its Motion, to which Plaintiff wholly fails to respond.

[5] The Plan further indicates that separation benefits are only available to employees whose "job performance is satisfactory through" the date of termination. (Pl.'s App. at 6.)

properly entitled to benefits: a determination which does not require an analysis into the employer's motivations.  *Cf. McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998) (noting that where an employer's motivation is not at issue, the reasoning behind *McKennon* does not apply).  In the ERISA context, the "after-acquired" evidence doctrine serves to establish a Plaintiff's unworthiness to receive benefits under the Plan at the summary judgment stage, if no material fact is disputed.  Indeed, the Fifth Circuit has held that the purpose of the after-acquired evidence doctrine is to cut off relief from the date the legitimate discharge would have occurred.  *See Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1109 (5th Cir. 1995) (ADEA case).

Accordingly, Plaintiff has failed to state a cause of action upon which relief can be granted and his ERISA claims must be **DISMISSED**.  The Court therefore need not address Defendants' other grounds for dismissing Plaintiff's ERISA claims.

For the foregoing reasons, Defendants' Motion is **GRANTED**.

Judgment will be entered accordingly.

   SO ORDERED.

   DATED: June 14, 2005.

_____
**BAREFOOT SANDERS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**