IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH ARGENBRIGHT | ) | |
| | ) | |
| V. | ) | 3-04-CV-1061-H |
| | ) | |
| ZIX CORPORATION, ET AL | ) | |

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On August 18, 2005, came on to be heard Plaintiff's Motion to Modify Assessment of Taxable Costs filed on June 30, 2005, and having considered the relevant pleadings and the statements of counsel for the parties, the magistrate judge finds and recommends as follows:

On June 14, 2005, the District Court entered judgment in Defendants' favor dismissing Plaintiff's claims with prejudice and awarding Defendants their costs. On June 27, 2005, Defendants filed their bill of costs which itemized costs incurred that are taxable as costs under 28 U.S.C. § 1920 as well as $4,614.00 incurred by Defendants for expert fees charged by Karen K. Suhre, an expert retained by them.

Although Plaintiff initially disputed the amounts sought for items within the purview of § 1920, at the outset of the hearing Plaintiff's counsel informed the court that Plaintiff no longer disputed the amounts claimed for these items. However, counsel resiterated Plaintiff's opposition to Ms. Suhre's expert fee itemized in Defendants' bill of costs.

In their response to Plaintiff's motion to modify filed on July 20, 2005, Defendants essentially conceded that the expert fee was not an expense recoverable under § 1920, but argued that they were entitled to recover such fee pursuant to Rule 26(b)(4)(C).

The Advisory Committee Note relating to this subpart of the rule recognizes that a party is entitled to recover a fair portion of expenses incurred by its own expert in responding to an

opponent's discovery requests. The note provides that in implementing this provision a court may issue protective orders or delay an assessment of such costs until after discovery is completed.

Technically speaking as a non-party an expert's appearance for deposition can only be compelled pursuant to a Rule 45 subpoena. In this court's experience such a requirement is rarely demanded by the party whose expert's deposition is sought, primarily because of the party's desire to depose the requesting (opponent) party's own expert.

More frequently counsel for parties agree expressly or tacitly to produce their own clients' experts without resort to Rule 26(b)(4)(C) and at their own clients' expense. This alternative is largely a pragmatic recognition that the expenses to which each party would be entitled under the rule would, generally speaking, be equal or of such minor deviation as not to warrant the time and expense which would be incurred in invoking the rule's provisions. Such a procedure appears to have been followed in this case.

Plaintiff made his expert, Mark Johnson, available for deposition to Defendants without seeking to require Defendants to pay for his time devoted to preparing for and appearing for his deposition and in fact such expenses were paid by Plaintiff. Similarly Defendants imposed no precondition to Ms. Suhre's deposition appearance pursuant to Rule 26(b)(4)(C).[1] The fact that Defendants sought no judicial determination with respect to Ms. Suhre's deposition-related expenses prior to the entry of judgment and incorrectly

---

[1] Rule 26(b)(4)(C) provides a method for fairly allocating the costs of discovery, and is available to prevailing and non-prevailing parties alike regardless of the final outcome of the case. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 333 (5th Cir. 1995).

including it as an item in their bill of costs also are relevant to the Rule 26 issue.[2]

The undersigned is mindful of the fact that in the Kellstrom case, supra, the Fifth Circuit upheld an award for expert fees. 50 F.3d at 334-33. However, this affirmance was qualified and based on the specific facts of that case. Id. At 336 n.37. It is clear that the discovery issues in Kellstrom were long-standing and had been squarely joined by the parties long before the judgment in that action. The absence of such issues in this case and the absence of any agreement between counsel with respect to reimbursement of expert witness expenses more nearly approximates the facts set out in Ellis v. United Airlines, 73 F.3d 999, 1011-12 (10th Cir. 1996) in which the Circuit Court found no abuse by the district court in denying an untimely filed Rule 26(b)(4)(C) motion.

Finally, the award of expert fees under the rule is qualified by the initial phrase "Unless manifest injustice would result." In the present case it is undisputed that Plaintiff has never sought to recover from Defendants the corresponding expenses of Mark Johnson associated with the giving of his deposition. As Kellstrom noted, See n. 1, supra, he would be entitled to a similar award under the rule. Further, Defendants never raised this issue in the context of a Rule 26 motion as did the plaintiff in Ellis, but only sought to justify Ms. Surhe's expenses in their § 1920 bill of costs after Plaintiff attacked inclusion of the same in light of the Supreme Court's decision in Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494 (1987).

It is, therefore, recommended that Plaintiff's motion to modify be granted in part as follows:

---

[2] Even if Defendants were entitled to recover expert witness expenses of Ms. Suhre, the amount stated in their bill of cost exceeds the amount permitted under the rule. The cost bill lists the sum of $4,614.00, but Ms. Suhre's May 5, 2005, invoice attached as an exhibit reflects only the sum of $2,030.00 incurred on April 14, 2005, for preparation and attendance at her deposition.

Within fifteen (15) days of the date of the District Court's order Defendants will file an amended bill of costs in the amount of $7,843.99, which excludes fees and expenses incurred by its expert witness, Karen K. Suhre.

Upon receipt of a copy of Defendants' amended bill of costs Plaintiff will tender to Defendants the total listed in the amended bill of costs.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 18th day of August, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.